**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RICHARD A. SUBICA, Defendant - Appellant. | No. 04-10372 D.C. No. CR-03-00310-HG MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted March 8, 2006**

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

Richard A. Subica appeals from his guilty-plea conviction and sentence for being an unlawful user of a controlled substance in possession of ammunition, in violation of 18 U.S.C. § 922(g)(3), and possession of a firearm and ammunition by

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

Subica contends that the district court "abused its discretion in concluding that his was a firearm in commerce." He argues that 18 U.S.C. § 922(g) is unconstitutional under *United States v. Lopez*, 514 U.S. 549 (1995). This contention lacks merit. *See United States v. Jones*, 231 F.3d 508, 514-15 (9th Cir. 2000) (stating that § 922(g) is constitutional under the Commerce Clause and constitutes a valid exercise of Congress' power to regulate interstate commerce under *Lopez*).

Subica next contends that the district court erred by denying a downward adjustment at sentencing. We dismiss the appeal with regard to Subica's challenge to his sentence, because the record reveals that Subica knowingly and voluntarily entered an unqualified waiver of his right to appeal his sentence. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).

Subica further contends that his counsel was ineffective for allowing him to waive his right to appeal in his plea agreement. We decline to review Subica's ineffective assistance of counsel claim because such claims are generally

inappropriate on direct appeal. *See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992) (stating that ineffective assistance of counsel is more properly raised on collateral attack under 28 U.S.C. § 2255, unless the record is sufficiently developed or there is an obvious denial of adequate representation).

**AFFIRMED in part, DISMISSED in part.**

INTERNAL USE ONLY: Proceedings include all events.
04-10372 USA v. Subica

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>808/541-2850<br>[COR LD NTC aus]<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850<br><br>Omer G. Poirier<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| RICHARD A. SUBICA<br>　　Defendant - Appellant | Shawn A. Luiz, Esq.<br>FAX 808/538-0600<br>808/538-0500<br>Ste. 800<br>[COR LD NTC cja]<br>Law Offices<br>810 Richards Street<br>Honolulu, HI 96813 |