PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

## DISTRICT OF HAWAII

APR 17 2007

at $\underline{8}$ o'clock and $\underline{30}$ min. $\underline{A}$ M

SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RICHARD A. SUBICA          Case Number: CR 03-00310HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence: 6/24/2004

Original Offense:   <u>Count 1 of the Indictment</u>: UNLAWFUL USER OF A CONTROLLED SUBSTANCE IN POSSESSION OF AMMUNITION, in violation of 18 U.S.C. § 922(g)(3), a Class C felony

<u>Information</u>: POSSESSION OF A FIREARM AND AMMUNITION BY A PERSON PREVIOUSLY CONVICTED OF A MISDEMEANOR CRIME OF DOMESTIC VIOLENCE, in violation of 18 U.S.C. § 922(g)(9), a Class C felony

Original Sentence:   Eighteen (18) months imprisonment as to each of Count 1 of the Indictment and of the Information, all such terms shall be served concurrently. The term of imprisonment to be followed by three (3) years of supervised release as to Count 1 of the Indictment and of the Information, all such terms shall be served concurrently, with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to

submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

<u>Type of Supervision: Supervised Release   Date Supervision Commenced: 11/29/2006</u>

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition**: *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

**Special Condition No. 5**: *That the defendant is prohibited from the possession and use of alcohol.*

**Special Condition No. 6**: *That the defendant shall comply with all court orders including but not limited to the Family Court of the Third Circuit Order For Protection number FC-DA No. 07-1-120.*

## CAUSE

| <u>Violation Number</u> | <u>Nature of Noncompliance</u> |
|---|---|
| 1. Standard Condition No. 7 and Special Condition No. 1 | On 3/29/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen, and the specimen was confirmed positive for marijuana. |

The offender began his drug treatment regimen on 12/1/2006 at the Drug Addiction Services of Hawaii, Inc., Hilo office (DASH - Hilo), and has been on supervision for approximately 5 months. On 3/29/2007, as part of his drug treatment regimen, the offender submitted a urine specimen which tested presumptive positive for marijuana on a non-instrumented drug testing device at DASH - Hilo. The specimen was later forwarded to Kroll Laboratory Specialists, Inc., and confirmed positive for marijuana on 4/4/2007.

On 4/3/2007, the offender was confronted about the positive test result and admitted that he had taken a drag off of what he thought was a cigarette from a friend who rolls his own tobacco. The offender realized that it was marijuana after the initial inhalation and stopped. The offender stated that it will never happen again. The

Prob 12B
(7/93)

3

offender was verbally admonished for this relapse and advised that future drug use may result in possible revocation.

On 3/23/2007, the offender contacted the Probation Office and indicated that he had been served with a Temporary Restraining Order (TRO) the night before. The offender stated that his mother and sister had filed the TRO against him because he was allegedly threatening them. In an attempt to gather more information about the TRO, on 4/6/2007, a home inspection was made at 18-3979 Canney Road, Mountain View, Hawaii. During the visit, it was determined that the offender's sister and owner of the residence, Joan L. Villanueva (Villanueva), had applied for and received a TRO against the offender, under State of Hawaii Family Court of the Third Circuit case number FC-DA No. 07-1-120, on 3/22/2007. The petition in support of the TRO set forth that, on 3/21/2007, the offender approached Villanueva's vehicle as she arrived home and said, "'you like police.' 'I punch your mouth you call the police for Richard.'" The petition further indicated that, later in the day, the offender called and stated that he would kill Villanueva and burn the house down. In addition, the petition also indicated that the offender had been using drugs and alcohol. When questioned about these alleged threats, the offender adamantly denied that he had made these statements.

Subsequently, on 4/3/2007, a Family Court Order for Protection, under FC-DA No. 07-1-120, was issued prohibiting the offender from contacting Villanueva and other persons residing with Villanueva (the offender's mother, Flora Mitchell) at the address noted above. In addition to other requirements, the order also prohibits the offender from entering or remaining within 300 yards of any home or shelter where the party is staying on a temporary basis. It is noted that the offender was not arrested for the alleged threats.

On 4/9/2007, the offender was instructed to comply with the TRO and was instructed to stay away from his sister Villanueva and the residence at Canney Road. The offender does not live at the Canney Road residence. Further the offender was advised that although he was not arrested for the alleged threats, this particular incident, coupled with his recent marijuana use and his criminal history, are cause for serious concern and that any noncompliance with the TRO would not be tolerated.

Despite the offender's recent relapse and the TRO that was issued, the offender has made an effort to comply with the conditions of his supervision. The offender has maintained gainful employment and has attempted to reconcile with his wife and family. Also, between December of 2006 and February of 2007, the offender has provided 12 urinalysis specimens, all of which have tested negative, and has attended all required counseling sessions at DASH - Hilo. In regards to the TRO, the offender's DASH - Hilo substance abuse counselor indicated that the offender was crying while the probation officers were speaking to him about the Form 49 modifications. It is the counselor's belief that the offender is scared and feels really bad about what is going on with his family. Based upon these factors, we believe that the imposition of the restrictive conditions outlined above will sufficiently correct and control the offender's recent behavior. We are not inclined at this time to move for revocation; however, we

Prob 12B
(7/93)

4

shall pursue revocation of the offender's term of supervision should the offender's noncompliance escalate in the future.

In light of the offender's recent relapse and incident with his sister, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition (U.S. vs. Stephens) as noted above. The modification of this mandatory condition, as well as the addition of the two special conditions, will provide the Probation Office with the necessary tools to monitor the offender and protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

DEREK M. KIM

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/13/2007

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

HELEN GILLMOR
Chief U.S. District Judge

4·15·07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[X]  To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

**Special Condition No. 5:** *That the defendant is prohibited from the possession and use of alcohol.*

**Special Condition No. 6:** *That the defendant shall comply with all court orders including but not limited to the Family Court of the Third Circuit Order For Protection number FC-DA No. 07-1-120.*

Witness: _____
KEVIN TERUYA
U.S. Probation Officer

Signed: _____
RICHARD A. SUBICA
Supervised Releasee

4/11/07
Date