Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

## SEALED BY ORDER OF THE COURT
United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 17 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. RICHARD A. SUBICA                          Docket No. CR 03-00310HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of RICHARD A. SUBICA, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 24th day of June 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 4/17/2007, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the general and special conditions of supervision as follows:

| | |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. |
| Special Condition No. 5: | That the defendant is prohibited from the possession and use of alcohol. |


SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

3

Special Condition No. 6:   That the defendant shall comply with all court orders including but not limited to the Family Court of the Third Circuit Order For Protection number FC-DA No. 07-1-120.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his supervised release (Judgment and Probation Form 12B attached) as follows:

1. The offender's urine specimen submitted on 3/29/2007 tested positive for marijuana, in violation of Standard Condition No. 7 and Special Condition No. 1.

2. That on 9/6/2007, the offender admitted to possessing and using alcohol on or about 8/26/2007, in violation of Special Condition No. 5.

3. That on or about 8/26/2007, the offender engaged in conduct constituting a single count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 291E-61 and the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

      I declare under penalty of perjury that the foregoing is true and correct

      Executed on  10/4/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

    THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

    Considered and ordered this 4th day of October, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   **SUBICA, Richard A.**
      **Criminal No. CR 03-00310HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Unlawful User of a Controlled Substance in Possession of Ammunition and Possession of a Firearm and Ammunition by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence, both Class C felonies. On 6/24/2004, he was sentenced to eighteen (18) months of imprisonment to be followed by three (3) years of supervised release. The terms and conditions of supervised release include those listed on the facesheet of this petition. The offender's term of supervised release began on 11/29/2006. On 4/17/2007, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the General and Special Conditions of supervision as listed on the facesheet.

The offender is 53 years old and has been on supervised release for approximately 10 months. Since his release, the offender has resided in the Mountain View area of the island of Hawaii. The offender's latest official residence of record is 11-1875 Kahikopele Avenue, Eden Roc Estates, Mountain View, Hawaii. The offender is self-employed as a heavy equipment operator. The offender is currently undergoing substance abuse treatment at the Drug Addiction Services of Hawaii, Inc. (DASH).

The violations are as follows:

**Violation No. 1 - The Offender's Urine Specimen Submitted on 3/29/2007 Tested Positive for Marijuana**: The offender began his drug treatment regimen on 12/1/2006 at the Drug Addiction Services of Hawaii, Inc., Hilo office (DASH - Hilo), and has been on supervision for approximately 5 months. On 3/29/2007, as part of his drug treatment regimen, the offender submitted a urine specimen which tested presumptive positive for marijuana on a non-instrumented drug testing device at DASH - Hilo. The specimen was later forwarded to Kroll Laboratory Specialists, Inc., and confirmed positive for marijuana on 4/4/2007.

On 4/3/2007, the offender was confronted about the positive test result and admitted that he had taken a drag off of what he thought was a cigarette from a friend who rolls his own tobacco. The offender realized that it was marijuana after the initial inhalation and stopped. The offender stated that it will never happen again. The offender was verbally admonished for this relapse and advised that future drug use may result in possible revocation.

On 4/11/2007, the offender executed a Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision form (waiver). In the waiver, the offender agreed to modify his existing conditions to include Special Condition No. 5: That the defendant is prohibited from the possession and use of alcohol. On 4/17/2007, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the special conditions of supervision as set forth above.

Re:   **SUBICA, Richard A.**
      **Criminal No. CR 03-00310HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


**Violation No. 2 - Possession and Use of Alcohol; and Violation No. 3 - Conduct Constituting Operating a Vehicle Under the Influence of an Intoxicant:** On 9/6/2007, this officer conducted an unannounced home contact with the offender. During our conversation, the offender stated that he had been arrested for Driving Under the Influence (DUI) or Operating a Vehicle While Under the Influence of an Intoxicant. The offender could not remember the exact date, but indicated that he had been at the drag racing track near the Hilo airport and had been drinking alcohol. The offender explained that he had left the track in his vehicle and was pulled over by a Hawaii County Police Department (HCPD) officer. The offender related that he was already upset at what he felt was HCPD's harassment of his son. The offender related that he was arrested for DUI. This officer inquired as to whether the offender had indeed been drinking alcohol to which the offender replied in the affirmative. Subsequent to the contact, this officer requested HCPD reports concerning the offender from the Hawaii County Office of the Prosecutor.

On 10/3/2007, this officer received HCPD arrest Report No. C07027442. The arrest report indicated that on or about 8/26/2007, an HCPD officer (investigator) observed a black Suzuki vehicle traveling southbound on Railroad Avenue, Hilo, Hawaii. The Suzuki was observed to abruptly cross left of the double-solid yellow center lane divider and traveling in the middle of both lanes. The investigator related that the Suzuki was stopped so that it would not collide with oncoming vehicles traveling in the opposite direction. The driver of the Suzuki was identified as the offender, Richard A. Subica (Subica). The investigator noted that Subica had red, watery, glassy, bloodshot eyes; slurred speech; and had a strong odor of an intoxicating beverage emanating from his breath and body. The investigator related to Subica that he smelled as if he had been drinking, to which Subica responded that he was drinking at the race track but was going home. The report indicates that Subica became argumentative and was complaining as to why he had been stopped. The investigator performed a Field Sobriety Test upon the offender. Subica was failed on the Horizontal Gaze Nystagmus and Walk and Turn portions, and was not permitted to perform the One Leg Stand test due to his inability to keep his balance. Subica was arrested and transported to HCPD where he was given the opportunity to provide a breath intoxilyzer sample. After explaining the necessary forms to him, Subica was given the choice of accepting or declining the test. The reports indicate that Subica argued with the investigator as to the probable cause for him being stopped and began acting belligerent with the investigator. The report appears to indicate that Subica was given two separate opportunities to accept or decline the intoxilyzer test, but remained adamant that he would not sign the forms.

Based upon the offender's prior DUI conviction, bail was set at $1,000. The offender posted $1,000 bail and is free pending initial arraignment in the Hilo District Court of the Third Circuit on 10/10/2007.

Re:  **SUBICA, Richard A.**
     **Criminal No. CR 03-00310HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

On 4/17/2007, this Court gave the offender the opportunity to continue drug treatment despite his confirmed positive for marijuana. The offender's actions indicate that he is not able to conform his conduct to comply with the conditions of his supervision and that he poses a risk to the safety of the community. It is recommended that a no bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

KST/pts

Re:  SUBICA, Richard A.
     Criminal No. CR 03-00310HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

ORIGINAL

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL - 2 2004

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

# United States District Court
## District of Hawaii

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'04 JUL -2

UNITED STATES OF AMERICA
v.
**RICHARD A. SUBICA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **1:03CR00310-001**
USM Number: **89352-022**
Loretta A. Faymonville, AFPD
Defendant's Attorney

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): 1 of the Information and Count 1 of the Indictment
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  Count(s) _2 of the Indictment_ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

June 24, 2004
Date of Imposition of Judgment

_(signature)_
Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

7-1-04
Date

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By _(signature)_
Deputy

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

CASE NUMBER:     1:03CR00310-001
DEFENDANT:       RICHARD A. SUBICA

Judgment - Page 2 of 7

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922 (g) (9) | Possession of a firearm and ammunition by a person previously convicted of a misdemeanor crime of domestic violence | 05/23/2002 | 1 |
| 18 U.S.C. 18 922 (g) (3) | Unlawful user of a controlled substance in possession of ammunition | 04/25/2003 | 1 |

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER:     1:03CR00310-001
DEFENDANT:       RICHARD A. SUBICA

Judgment - Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 MONTHS.

This is a term of EIGHTEEN (18) MONTHS as to each of Count 1 of the Indictment and Count 1 of the Information, all such terms shall be served concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       That the defendant participate in drug treatment, educational and vocational training programs.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00310-001
DEFENDANT: RICHARD A. SUBICA

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS .

This is a term of THREE (3) YEARS as to Count 1 of the Indictment and Count 1 of the Information, all such terms shall be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:     1:03CR00310-001
DEFENDANT:       RICHARD A. SUBICA

Judgment - Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant — see last page

United States Probation Officer      Date

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:   1:03CR00310-001
DEFENDANT:     RICHARD A. SUBICA

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS: $_____ | $_____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:03CR00310-001
DEFENDANT:        RICHARD A. SUBICA

Judgment - Page 7 of 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [✔] in full immediately; or

B  [ ]  $ _ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _ ; or

D  [ ]  in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:


[ ]  The defendant shall pay the cost of prosecution.


[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00310-001
DEFENDANT: RICHARD A. SUBICA

Judgment - Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon a finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_[signature]_ 12/1/04
Defendant Date

_[signature]_ 12/1/04
U.S. Probation Officer Date

PROB. 12B
(7/93)



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

## DISTRICT OF HAWAII

APR 1 7 2007

at 8 o'clock and 20 min. A M
SUE BEITIA, CLERK

'07 APR 17 A8:22

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RICHARD A. SUBICA            Case Number: CR 03-00310HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 6/24/2004

Original Offense:   <u>Count 1 of the Indictment</u>: UNLAWFUL USER OF A CONTROLLED SUBSTANCE IN POSSESSION OF AMMUNITION, in violation of 18 U.S.C. § 922(g)(3), a Class C felony

<u>Information</u>: POSSESSION OF A FIREARM AND AMMUNITION BY A PERSON PREVIOUSLY CONVICTED OF A MISDEMEANOR CRIME OF DOMESTIC VIOLENCE, in violation of 18 U.S.C. § 922(g)(9), a Class C felony

Original Sentence:  Eighteen (18) months imprisonment as to each of Count 1 of the Indictment and of the Information, all such terms shall be served concurrently. The term of imprisonment to be followed by three (3) years of supervised release as to Count 1 of the Indictment and of the Information, all such terms shall be served concurrently, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to

submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision: Supervised Release   Date Supervision Commenced: 11/29/2006

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

**Special Condition No. 5:**   *That the defendant is prohibited from the possession and use of alcohol.*

**Special Condition No. 6:**   *That the defendant shall comply with all court orders including but not limited to the Family Court of the Third Circuit Order For Protection number FC-DA No. 07-1-120.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 7 and Special Condition No. 1 | On 3/29/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen, and the specimen was confirmed positive for marijuana. |

The offender began his drug treatment regimen on 12/1/2006 at the Drug Addiction Services of Hawaii, Inc., Hilo office (DASH - Hilo), and has been on supervision for approximately 5 months. On 3/29/2007, as part of his drug treatment regimen, the offender submitted a urine specimen which tested presumptive positive for marijuana on a non-instrumented drug testing device at DASH - Hilo. The specimen was later forwarded to Kroll Laboratory Specialists, Inc., and confirmed positive for marijuana on 4/4/2007.

On 4/3/2007, the offender was confronted about the positive test result and admitted that he had taken a drag off of what he thought was a cigarette from a friend who rolls his own tobacco. The offender realized that it was marijuana after the initial inhalation and stopped. The offender stated that it will never happen again. The

Prob 12B
(7/93)

3

offender was verbally admonished for this relapse and advised that future drug use may result in possible revocation.

On 3/23/2007, the offender contacted the Probation Office and indicated that he had been served with a Temporary Restraining Order (TRO) the night before. The offender stated that his mother and sister had filed the TRO against him because he was allegedly threatening them. In an attempt to gather more information about the TRO, on 4/6/2007, a home inspection was made at 18-3979 Canney Road, Mountain View, Hawaii. During the visit, it was determined that the offender's sister and owner of the residence, Joan L. Villanueva (Villanueva), had applied for and received a TRO against the offender, under State of Hawaii Family Court of the Third Circuit case number FC-DA No. 07-1-120, on 3/22/2007. The petition in support of the TRO set forth that, on 3/21/2007, the offender approached Villanueva's vehicle as she arrived home and said, "'you like police.' 'I punch your mouth you call the police for Richard.'" The petition further indicated that, later in the day, the offender called and stated that he would kill Villanueva and burn the house down. In addition, the petition also indicated that the offender had been using drugs and alcohol. When questioned about these alleged threats, the offender adamantly denied that he had made these statements.

Subsequently, on 4/3/2007, a Family Court Order for Protection, under FC-DA No. 07-1-120, was issued prohibiting the offender from contacting Villanueva and other persons residing with Villanueva (the offender's mother, Flora Mitchell) at the address noted above. In addition to other requirements, the order also prohibits the offender from entering or remaining within 300 yards of any home or shelter where the party is staying on a temporary basis. It is noted that the offender was not arrested for the alleged threats.

On 4/9/2007, the offender was instructed to comply with the TRO and was instructed to stay away from his sister Villanueva and the residence at Canney Road. The offender does not live at the Canney Road residence. Further the offender was advised that although he was not arrested for the alleged threats, this particular incident, coupled with his recent marijuana use and his criminal history, are cause for serious concern and that any noncompliance with the TRO would not be tolerated.

Despite the offender's recent relapse and the TRO that was issued, the offender has made an effort to comply with the conditions of his supervision. The offender has maintained gainful employment and has attempted to reconcile with his wife and family. Also, between December of 2006 and February of 2007, the offender has provided 12 urinalysis specimens, all of which have tested negative, and has attended all required counseling sessions at DASH - Hilo. In regards to the TRO, the offender's DASH - Hilo substance abuse counselor indicated that the offender was crying while the probation officers were speaking to him about the Form 49 modifications. It is the counselor's belief that the offender is scared and feels really bad about what is going on with his family. Based upon these factors, we believe that the imposition of the restrictive conditions outlined above will sufficiently correct and control the offender's recent behavior. We are not inclined at this time to move for revocation; however, we

Prob 12B
(7/93)

4

shall pursue revocation of the offender's term of supervision should the offender's noncompliance escalate in the future.

In light of the offender's recent relapse and incident with his sister, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition (U.S. vs. Stephens) as noted above. The modification of this mandatory condition, as well as the addition of the two special conditions, will provide the Probation Office with the necessary tools to monitor the offender and protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

_DEREK M. KIM_

for GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/13/2007

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

HELEN GILLMOR
Chief U.S. District Judge

4·15·07
Date

PROB 49
(5/96)

# United States District Court

District of Hawaii

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[X] To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

**Special Condition No. 5:** *That the defendant is prohibited from the possession and use of alcohol.*

**Special Condition No. 6:** *That the defendant shall comply with all court orders including but not limited to the Family Court of the Third Circuit Order For Protection number FC-DA No. 07-1-120.*

Witness: _____
KEVIN TERUYA
U.S. Probation Officer

Signed: _____
RICHARD A. SUBICA
Supervised Releasee

4/11/07
Date